**BARCLAYSAMERICAN/COMMERCIAL, INC., Plaintiff,**

v.

**CONSUMER INDUSTRIES, INC., Richard B. Perrenot, and Raymon F. Barreiro, Defendants.**

**No. C–C–84–155–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

May 21, 1984.

John T. Allred, Robert A. Izard, Charlotte, N.C., for plaintiff.

C. Jerome Leonard, Jr., Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on motion of the Plaintiff to issue a temporary restraining order to enjoin Defendants Perrenot and Consumer Industries, Inc. ("Consumer") from prosecuting or taking any action in any court in the United States except this Court concerning the matters which are the subject of this lawsuit. The motion was heard *ex parte*[1] in chambers on May 17, 1984 in Charlotte, North Carolina. The Plaintiff was represented by John T. Allred, Robert A. Izard, Jr., and Eugene M. Anderson, Jr.

The verified motion of the Plaintiff states that on February 17, 1984 counsel for the Plaintiff met with Perrenot to discuss the resolution of the matters that are now the subject of this litigation. At this meeting Perrenot did not dispute that the Defendants were indebted to the Plaintiff, however, he did question the amount of the debt. Perrenot desired additional time to consider his obligations under the contracts and thus specifically requested the Plaintiff not to institute suit until after February 24, 1984. Counsel for the Plaintiff agreed to the one week period of grace.

During the one week period of grace, on February 23, 1984, Perrenot and Consumers filed suit against the Plaintiff concerning the disputed debt in State Court in Texas. After Perrenot failed to contact the Plaintiff at the end of the one week the Plaintiff contacted him. At that time, Perrenot informed the Plaintiff that he would not satisfy the debt and for the Plaintiff to go forward with its litigation. Perrenot did not intimate or inform the Plaintiff that Perrenot and Consumer had already furtively instituted suit against the Plaintiff in

Texas. After the Plaintiff received notice of the Texas litigation, it instituted this litigation in North Carolina and filed a petition in the Texas litigation removing the action to the United States District Court for the Western District of Texas.

Subsequently, Perrenot and Consumer filed a motion for a preliminary injunction in the Texas litigation to enjoin the Plaintiff from prosecuting the North Carolina litigation. The Defendants' motion for a preliminary injunction has yet to be heard. The Defendants, in addition, have filed in this litigation a motion to dismiss or in the alternative to transfer. The motion is scheduled to be heard on the next motions calendar of this Court.

In addition to the facts alleged in the Plaintiff's verified motion, the contract for purchase and the guaranty contract attached to the Plaintiff's Complaint facially indicate that the appropriate forum for this litigation is North Carolina. The contract for purchase provides that "[t]his agreement and all transactions hereunder shall be governed as to validity, enforcement, interpretation, construction, and in all other respects by the laws of the State of North Carolina...." The guaranty contract executed by Barreiro and Perrenot states that:

> This guarantee is made in the State of North Carolina and shall be governed by, construed and interpreted in accordance with the laws of the State of North Carolina. The undersigned ... agree that all legal actions or proceedings between Southeastern and the undersigned may be brought in any court of competent jurisdiction in the State of North Carolina, the undersigned hereby waiving objections to summons, service of process, personal jurisdiction of the person or · venue of any such court.

In addition to the language in the above contracts, the Complaint filed by the Defendants[2] in the Texas litigation suggests

---

1. The motion was heard *ex parte* on affidavit of Plaintiff that immediate and irreparable injury would result to the applicant in that the Defendants, if notified of the motion for a temporary restraining order, would bring on for hearing a

motion for a preliminary injunction in Texas seeking to deprive this Court of jurisdiction.

2. The Defendants filed a copy of their Complaint with this Court on April 24, 1984.

that North Carolina is the more appropriate forum for resolution of the Defendants' claim. The Complaint filed in Texas seeks damages from the Plaintiff for breach of contract in improperly settling accounts with customers. A superficial analysis of the Texas Complaint indicates that the claim asserted in Texas is, in effect, a set off to the Plaintiff's claim in this litigation.

In light of the facts set forth above the Plaintiff contends this Court should issue a temporary restraining order as the Complaint in Texas is clearly frivolous, the Texas forum has been fraudulently invoked and this Court is the proper forum for resolution of the litigation.

Although the Court is extremely sympathetic to the Plaintiff's plight if the facts as alleged are true, the Plaintiff is attempting to resolve collaterally matters which can be and more appropriately should be raised directly in the Texas litigation. The Plaintiff has already filed in the Texas litigation a motion to dismiss or to transfer the action to North Carolina based on the facts asserted above. This Court is confident that the United States District Court for the Western District of Texas will afford the Plaintiff a fair and impartial hearing on its apparently valid assertions that jurisdiction in Texas has not been properly invoked.

The Plaintiff further suggests that if this Court denies the temporary restraining order the United States District Court for the Western District of Texas may grant the Defendants' motion for a preliminary injunction to enjoin the Plaintiff from prosecuting the North Carolina litigation which would deny this Court the opportunity to exercise its jurisdiction in accordance with the interest of justice. The Defendants, as did the Plaintiff in its motion, are evidently attempting to attack collaterally in Texas, matters which they have already raised and will be fully and fairly adjudicated in North Carolina. This Court is certain, that the United States District Court for the Western District of Texas, will seriously consider the collateral nature of the Defendants' motion for a preliminary injunction

before it would decide to grant such a motion.

■ This Court does not quarrel with the basic principle that a court in its power to protect its jurisdiction over a controversy may issue an injunction for that purpose, restraining a litigant from proceeding in other courts. The Court, however, cannot turn its face to the fact that the intended effect of an injunction restraining a party from proceeding in another court, is to prevent the other forum from adjudicating matters central to the Court's own interest, such as whether the Court's jurisdiction has been fraudulently invoked. Equally strong principles of comity, in recognition that an injunction would in effect control what goes on in another forum weigh heavily against an issuance of an injunction of this type.

If this Court were to enter the temporary restraining order it would only establish a precedent for the Defendants to collaterally attack the North Carolina litigation by seeking to enjoin all proceedings in North Carolina. In addition, the situation could arise in which one court entered an injunction restraining the litigant from proceeding in the other forum and the other forum issued a counter-injunction enjoining the litigant from seeking enforcement of the prior injunction. The result of the injunctions would only serve to undermine the integrity of two United States District Courts if they engaged in this unseeming battle. The time, therefore, to dispose of this unsavory spectacle of judicial disorder is when it begins. As Justice Holmes succinctly stated, "[u]niversal distrust creates universal incompetence." *Graham v. United States*, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319 (1913).

■ The Court is, therefore, of the opinion that the Plaintiff's motion for a temporary restraining order should be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's motion for a temporary restraining order is *DENIED*.